IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FILED FEB 27 2012
CIRCUIT COURT CLERK
BY _____ D.C.

BERNICE RICHARDSON,

    Plaintiff,

v.

PRIMACY HEALTHCARE AND REHABILITATION CENTER, KINDRED TRANSITIONAL CARE AND REHABILITATIOIN – PRIMACY, KINDRED HEALTHCARE SERVICES, INC., and KINDRED NURSING CENTERS LIMITED PARTNERSHIP,

    Defendants.

No.: CT-000862-12
Division: V

**JURY DEMANDED**

## COMPLAINT FOR PERSONAL INJURIES AND MEDICAL MALPRACTICE

COMES NOW Plaintiff Bernice Richardson ("Plaintiff") and sues Defendants Primacy Healthcare and Rehabilitation Center, Kindred Transitional Care and Rehabilitation – Primacy, Kindred Healthcare Services, Inc., and Kindred Nursing Centers Limited Partnership ("Defendants" collectively) for her personal injuries. For cause of action, Plaintiff states as follows:

### PARTIES

1. Plaintiff Bernice Richardson is an adult resident citizen of Shelby County, Tennessee residing therein at 4545 Whitewood Cove, Memphis, Tennessee 38109.

2. Upon information and belief, Defendant Primacy Healthcare and Rehabilitation Center ("Primacy") is a for-profit entity licensed to provide long-term health care to residents. It is located at 6025 Primacy Parkway, Memphis, Tennessee

1

38119. Defendant Primacy may be served with process through its administrator, Donni Dubert, 6025 Primacy Parkway, Memphis, Tennessee 38119.

3. Upon information and belief, Defendant Kindred Transitional Care and Rehabilitation - Primacy ("Kindred Transitional") is a for-profit entity licensed to provide long-term health care to residents. It is located at 6025 Primacy Parkway, Memphis, Tennessee 38119. Defendant Kindred Transitional may be served with process through its administrator, Donni Dubert, 6025 Primacy Parkway, Memphis, Tennessee 38119.

4. Defendant Kindred Healthcare Services, Inc. ("Kindred Healthcare") is a corporation chartered and existing under the laws of the State of Tennessee. Its principal place of business is located at 680 South Fourth Street, Louisville, Kentucky 40202. Defendant Kindred Healthcare may be served with process through its registered agent for service, CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929. Defendant Kindred Healthcare has principals, owners, shareholders, employees, nurses, servants, agents, and/or contractors who perform professional medical services within the scope of their employment, apparent authority, agency, or contract to act for and on behalf of Kindred Healthcare. Defendant Kindred Healthcare owns, operates, controls, administers, and manages Primacy Healthcare and Rehabilitation Center and/or Kindred Transitional Care and Rehabilitation – Primacy, located at 6025 Primacy Parkway, Memphis, Tennessee 38119. The causes of action that form the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, control, administration, and/or management of Primacy Healthcare and Rehabilitation Center and/or Kindred Transitional Care and Rehabilitation - Primacy.

Defendant Kindred Healthcare is also known as Primacy Healthcare and Rehabilitation Center and/or Kindred Transitional Care and Rehabilitation – Primacy.

5. Defendant Kindred Nursing Centers Limited Partnership ("Kindred Nursing") is a business entity registered to do business under laws of the State of Tennessee. In addition to doing business at Primacy Healthcare and Rehabilitation Center and/or Kindred Transitional Care and Rehabilitation - Primacy, Defendant Kindred Nursing is, upon information and belief, the administrator, owner, operator, and/or manager of Primacy Healthcare and Rehabilitation Center and/or Kindred Transitional Care and Rehabilitation - Primacy. Defendant Kindred Nursing is licensed to do business and doing business in Shelby County, Tennessee, with its principal place of business located at 680 South Fourth Avenue, One Vencor Place, Louisville, Kentucky 40202. Defendant Kindred Nursing's registered agent for service of process is CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929. Defendant Kindred Nursing has principals, owners, shareholders, employees, nurses, servants, agents, and/or contractors who perform professional medical services within the scope of their employment, apparent authority, agency, or contract to act for and on behalf of the business entity.

6. Defendant Primacy and/or Defendant Kindred Transitional, with Defendant Kindred Healthcare and/or Defendant Kindred Nursing's consent, authorization, knowledge, direction, and permission, and on or about its business as an agent, servant, and/or employee, was operating and managing Primacy Healthcare and Rehabilitation Center and/or Kindred Transitional Care and Rehabilitation - Primacy within the purview of *respondeat superior* and/or agency principles, thereby imputing

any negligence hereinafter alleged against Defendant Primacy Healthcare and Rehabilitation Center and/or Kindred Transitional Care and Rehabilitation - Primacy to Defendant Kindred Healthcare and/or Defendant Kindred Nursing.

7. Defendant Kindred Healthcare and/or Defendant Kindred Nursing were engaged in a joint enterprise, joint undertaking and ventures, and were engaged in said joint undertaking for profit at the time of each of the tortious acts and omissions complained of herein. The joint enterprise and undertakings of these Defendants included the operation, ownership, management, administration, and control of Defendant Primacy Healthcare and Rehabilitation Center and/or Kindred Transitional Care and Rehabilitation - Primacy. Accordingly, the negligent and wrongful acts and omissions committed by these Defendants, including, but not limited to, their nurses and any of their agents or employees, are imputed to each of said Defendants.

## JURISDICTION AND VENUE

8. The acts and omissions giving rise to this lawsuit all occurred in Shelby County, Tennessee. This Court has proper jurisdiction and venue over this action and the parties hereto. This lawsuit is timely filed pursuant to applicable Tennessee law.

9. Plaintiff has complied with the provisions of Tenn. Code Ann. § 29-26-121(a) by mailing, by certified mail, notice of claim to Defendant Primacy at its current business address. This is evidenced by the attached Affidavit of Erick Anderson, which states that such actions occurred and further shows that notice of claim was timely sent, by certified mail, to Defendant Primacy at its current business address on October 24, 2011. *See* Exhibit A. Pursuant to Tenn. Code Ann. § 29-26-121(a)(4), a copy of the written notice sent to Defendant Primacy is attached to the Affidavit of Erick Anderson.

The certificate of mailing from the United States Postal Service ("USPS"), stamped with the date of mailing, is also attached to the Affidavit of Erick Anderson, and establishes that the specified notice was timely mailed by certified mail, return receipt requested. Also attached to the Affidavit of Erick Anderson is the certified mail receipt (PS Form 3800). Attached hereto as Exhibit B is the certified mail return receipt (PS Form 3811). The notice requirements of Tenn. Code Ann. § 29-26-121 have been satisfied.

10. Plaintiff has timely complied with the notice requirements of Tenn. Code Ann. § 29-26-121(a) by giving notice and the documents required to Defendant Primacy at least sixty (60) days before filing the instant complaint.

11. Plaintiff has complied with the provisions of Tenn. Code Ann. § 29-26-121(a) by mailing, by certified mail, notice of claim to Defendant Kindred Transitional at its current business address. This is evidenced by the attached Affidavit of Erick Anderson, which states that such actions occurred and further shows that notice of claim was timely sent, by certified mail, to Defendant Kindred Transitional at its current business address on October 24, 2011. *See* Exhibit A. Pursuant to Tenn. Code Ann. § 29-26-121(a)(4), a copy of the written notice sent to Defendant Kindred Transitional is attached to the Affidavit of Erick Anderson. The certificate of mailing from the USPS, stamped with the date of mailing, is also attached to the Affidavit of Erick Anderson, and establishes that the specified notice was timely mailed by certified mail, return receipt requested. Also attached to the Affidavit of Erick Anderson is the certified mail receipt (PS Form 3800). Attached hereto as Exhibit B is the certified mail return receipt (PS Form 3811). The notice requirements of Tenn. Code Ann. § 29-26-121 have been satisfied.

12. Plaintiff has timely complied with the notice requirements of Tenn. Code Ann. § 29-26-121(a) by giving notice and the documents required to Defendant Kindred Transitional at least sixty (60) days before filing the instant complaint.

13. Plaintiff has complied with Tenn. Code Ann. § 29-26-121(a) by having mailed, by certified mail, notice of claim to Defendant Kindred Healthcare at the address for its registered agent for service of process and its current business address. This is evidenced by the attached Affidavit of Erick Anderson, which states that such actions occurred and shows that notice was timely sent, by certified mail, to Defendant Kindred Healthcare at both the address for its registered agent for service of process and its current business address on October 24, 2011. *See* Exhibit A. Pursuant to Tenn. Code Ann. § 29-26-121(a)(4), a copy of the written notice sent to Defendant Kindred Healthcare is attached to the Affidavit of Erick Anderson. The certificates of mailing from the USPS, stamped with the date of mailing, are also attached to the Affidavit of Erick Anderson, and establish that the specified notice was timely mailed by certified mail, return receipt requested. Also attached to the Affidavit of Erick Anderson are the certified mail receipts (PS Form 3800). Attached hereto as Exhibit B are the certified mail return receipts (PS Form 3811). The notice requirements of Tenn. Code Ann. § 29-26-121 have been satisfied.

14. Plaintiff has timely complied with the notice requirements of Tenn. Code Ann. § 29-26-121(a) by giving notice and the documents required to Defendant Kindred Healthcare at least sixty (60) days before filing the instant complaint.

15. Plaintiff has complied with Tenn. Code Ann. § 29-26-121(a) by having mailed, by certified mail, notice of claim to Defendant Kindred Nursing at the address for

its registered agent for service of process and its current business address. This is evidenced by the attached Affidavit of Erick Anderson, which states that such actions occurred and shows that notice was timely sent, by certified mail, to Defendant Kindred Nursing at both the address for its registered agent for service of process and its current business address on October 24, 2011. *See* Exhibit A. Pursuant to Tenn. Code Ann. § 29-26-121(a)(4), a copy of the written notice sent to Defendant Kindred Nursing is attached to the Affidavit of Erick Anderson. The certificates of mailing from the USPS, stamped with the date of mailing, are also attached to the Affidavit of Erick Anderson, and establish that the specified notice was timely mailed by certified mail, return receipt requested. Also attached to the Affidavit of Erick Anderson are the certified mail receipts (PS Form 3800). Attached hereto as Exhibit B are the certified mail return receipts (PS Form 3811). The notice requirements of Tenn. Code Ann. § 29-26-121 have been satisfied.

16. Plaintiff has timely complied with the notice requirements of Tenn. Code Ann. § 29-26-121(a) by giving notice and the documents required to Defendant Kindred Nursing at least sixty (60) days before filing the instant complaint.

17. Plaintiff's counsel has consulted with medical experts who have provided signed written statements confirming that, upon information and belief, they are competent under Tenn. Code Ann. § 29-26-115 to express opinions in this case and believe, based on the information available from the medical records concerning the care and treatment of Plaintiff for the incidents at issue, that there is a good faith basis for maintaining this action as to each Defendant consistent with the requirements of Tenn. Code Ann. § 29-26-115. A certificate of good faith signed by Plaintiff's counsel is being

filed contemporaneously herewith pursuant to the requirements of Tenn. Code Ann. § 29-26-122.

## FACTUAL ALLEGATIONS

18. On December 16, 2010, Ms. Richardson was admitted to Primacy Healthcare and Rehabilitation Center following a hospitalization from hyptertensive intracranial hemorrhage. During her hospitalization, it was determined that Ms. Richardson needed a PEG tube for long term support.

19. At the time of her admission to Defendants' facility, aspiration precautions were put in place and orders were made for Ms. Richardson's PEG tube to be flushed with 30 cc of water before and after each meal and medication administration; check PEG tube placement before each meal and medication administration; and to clean the PEG site daily.

20. On December 20, 2010, Ms. Richardson was pulling on her PEG tube, and she ultimately pulled the PEG tube out. A nurse was called to her room, and the physician was called for an order to replace the PEG tube. According to Ms. Richardson's medical records, a new PEG tube was inserted.

21. Based upon information and belief, sometime after re-insertion of the new PEG tube, it became dislodged. According to the medical records, the nurses administered tube feedings to Ms. Richardson on December 22, 2010, at approximately 1:00 a.m., 5:00 a.m., and 9:00 a.m. Based upon information and belief, the nurses continued to administer medication and tube feedings to Ms. Richardson while the PEG tube was dislodged. That day, Ms. Richardson began feeling nauseated and cold. She vomited, was breathing heavily, and had clammy skin.

22. Ms. Richardson was transported via ambulance to Baptist Memorial Hospital. Upon arrival to Baptist Memorial Hospital, it was discovered that she had a displaced PEG tube with feedings filling her abdomen. She was admitted to the hospital with peritonitis due to the displaced PEG tube, underwent immediate surgery, and was admitted to the intensive care unit.

23. Following a long and painful complicated hospital stay consisting of surgery, antibiotic therapy, and wound care, Ms. Richardson was finally discharged on January 14, 2011.

## LIABILITY

24. The nurses, staff, and employees of Defendants failed to exercise the reasonable degree of care, diligence, and skill ordinarily employed by nurses, staff, and employees at nursing homes in this and similar localities under the same or similar circumstances.

25. Defendants deviated from the acceptable standard of care for nursing homes in this and similar communities and their deviations from the standard of care proximately caused injury to Ms. Richardson, including, but not limited to, unnecessary pain and suffering and additional medical treatment and expenses.

26. Defendants owed a duty to their patients, including Ms. Richardson, and were medically negligent in their care, treatment, maintenance of medical records, and services to Ms. Richardson.

27. Defendants breached the duty of care owed to their patient, Ms. Richardson, and were negligent in their care and treatment of Ms. Richardson. Defendants' negligent acts and omissions include, but are not limited to, the following:

a. Failure to provide Ms. Richardson with basic and necessary care and supervision;

b. Failure to adequately and properly document Ms. Richardson's signs, symptoms, care, and treatment in her medical chart;

c. Failure to check the placement of Ms. Richardson's PEG tube before and after the administration of her medication;

d. Failure to check PEG tube placement before each meal and medication administration;

e. Failure to clean the PEG site daily;

f. Failing to exercise reasonable and ordinary care under the circumstances;

g. Failure to protect Ms. Richardson from abuse and neglect;

h. Failure to adequately hire, train, supervise, and retain a sufficient number of competent and qualified registered nurses, licensed vocational nurses, nurse assistants, and other personnel to assure that Ms. Richardson received care, treatment, and services in accordance with applicable state and federal laws, as well as the appropriate standard of care;

i. Failure to provide nurses and nursing assistants sufficient in number to provide 24-hour nursing care and services to Ms. Richardson so as to insure that she received necessary care, supervision, and treatment;

j. Allowing the displaced PEG tube to fill Ms. Richardson's abdomen with feedings;

k. Failing to take adequate and appropriate measures to prevent the displaced PEG tube from filling Ms. Richardson's abdomen with feedings; and

l. Such other negligent acts and omissions as may be shown at trial.

That each of the aforesaid acts of negligence directly and proximately caused injury and damages to Ms. Richardson.

28. Defendants' failure to provide Ms. Richardson with proper treatment and care, as set forth above, constituted a deviation from the acceptable standard of care for nursing homes operating in this and similar communities. As a result of Defendants'

negligence, Plaintiff is entitled to recover for all of the damages allowed under the Tennessee Medical Malpractice Act, Tenn. Code Ann. § 29-26-115, *et seq.*

29. In addition, to the extent that Plaintiff's claims are based on common law negligence rather than medical malpractice, Plaintiff is entitled to recover for all of the damages allowed under Tennessee common law and/or Tennessee tort law.

## DAMAGES

30. As a direct and proximate result of the negligent acts and omissions of Defendants and/or their agents and employees, described above, Ms. Richardson suffered severe and permanent injuries. The injuries and damages for which Plaintiff seeks compensation from Defendants include, but are not limited to, the following:

    (a)    past, present, and future physical pain and suffering;

    (b)    past, present, and future emotional pain and suffering;

    (c)    medical bills and expenses;

    (d)    past, present, and future loss of enjoyment of life; and

    (e)    pre-judgment and post-judgment interest.

31. Plaintiff specifically reserves the right to plead further in this cause as additional facts and circumstances may warrant.

## PRAYERS FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS THAT:

1. Defendants be served with a copy of the Complaint for Personal Injuries and Medical Malpractice in this matter;

2. Plaintiff be awarded compensatory damages in an amount to be determined by a jury;

11

3.  Plaintiff be awarded all damages recoverable under Tennessee law, including all damages allowable under the Tennessee Medical Malpractice Act, Tenn. Code Ann. § 29-26-115, *et seq.* and/or Tennessee common law.

4.  Plaintiff be awarded pre-judgment and post-judgment interest as well as all discretionary costs and other relief to which she may be entitled; and

5.  Plaintiff be awarded such other relief, both general and special, to which she may be entitled.

**PLAINTIFF DEMANDS THAT THIS CASE BE TRIED BY A JURY.**

Respectfully Submitted,

*/s/ Les Jones w/ permission DG*
Les Jones (No. 13290)
David E. Goodman, Jr. (No. 021493)
Burch, Porter & Johnson, PLLC
130 North Court Avenue
Memphis, Tennessee 38103
Phone: (901) 524-5000

Richard D. Click (#12953)
Taylor, Click & McArthur
1044 Brookfield, Suite 101
Memphis, Tennessee 38119
Phone: (901) 762-0020

Attorneys for Plaintiff Bernice Richardson

## Affidavit of Person Mailing Notice

State of Tennessee )
County of Shelby    )

    Comes now the Affiant, Erick Anderson who, having first been duly sworn, makes oath that the following statements are true:

I.    My name is Erick Anderson, and I am an employee of Burch, Porter & Johnson, PLLC. I am an adult resident citizen, over the age of eighteen (18) years, and am competent to make the statements contained in this Affidavit.

II.    On October 24, 2011, I mailed by certified mail, with return receipt requested, after obtaining a Certificate of Mailing from the U.S. Postal Service, stamped with the date of October 24, 2011, the attached notices and all enclosures (which include HIPAA compliant medical authorizations and a list of the names and addresses of each provider who were sent a notice pursuant to Tenn. Code Ann. §29-26-121(a)), which are attached hereto as collective Exhibit A, to the following healthcare providers, as required by Tenn. Code Ann. §29-26-121(a):

    Primacy Healthcare and Rehabilitation Center
    6025 Primacy Parkway
    Memphis, Tennessee 38119

    Kindred Healthcare Services, Inc.
    a/k/a Primacy Healthcare and Rehabilitation Center
    680 South Fourth Street
    Louisville, Kentucky 40202

    Kindred Healthcare Services, Inc.
    a/k/a Primacy Healthcare and Rehabilitation Center
    Attn: CT Corporation System, Registered Agent
    800 S. Gay Street, Suite 2021
    Knoxville, Tennessee 37929

    Kindred Transitional Care and Rehabilitation – Primacy
    Attn: Donni Dubert, Administrator
    6025 Primacy Parkway
    Memphis, Tennessee 38119


EXHIBIT A

Kindred Healthcare Services, Inc.
a/k/a Kindred Transitional Care and Rehabilitation – Primacy
Attn: CT Corporation System, Registered Agent
800 S. Gay Street, Suite 2021
Knoxville, Tennessee 37929

Kindred Healthcare Services, Inc.
a/k/a Kindred Transitional Care and Rehabilitation – Primacy
680 South Fourth Street
Louisville, Kentucky 40202

Kindred Healthcare Services, Inc.
680 South Fourth Street
Louisville, Kentucky 40202

Kindred Healthcare Services, Inc.
Attn: CT Corporation System
800 S. Gay Street, Suite 2021
Knoxville, Tennessee 37929

Kindred Nursing Centers Limited Partnership
680 South Fourth Avenue
One Vencor Place
Louisville, Kentucky 40202

Kindred Nursing Centers Limited Partnership
Attn: CT Corporation System, Registered Agent
800 S. Gay Street, Suite 2021
Knoxville, Tennessee 37929

III. A copy of the Certificates of Mailing from the U.S. Postal Service, stamped with the date of mailing, are attached hereto as collective Exhibit B for each of the above medical providers.

IV. A copy of the Certified Mail Receipts (PS Form 3800) are attached hereto as collective Exhibit C for each of the above medical providers.

_Erick Anderson_
Erick Anderson

Date: 10-24-11

Subscribed and sworn to before me this 24th day of October, 2010.

*Sherry J. Lowe*
Notary Public

My Commission Expires:

_____

[Notary Seal: SHERRY J. LOWE, STATE OF TENNESSEE, NOTARY PUBLIC, SHELBY COUNTY, My Commission Expires Nov. 16, 2013]